**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**ELLEN F. HURLEY**
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JOSEPH Y. HO**
Deputy Attorney General
Indianapolis, Indiana



FILED

Jun 14 2012, 9:23 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ADAM MITTLER, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No.  49A05-1112-CR-623 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Marc Rothenberg, Judge
Cause No. 49F09-1009-FD-73493

**June 14, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**KIRSCH, Judge**

Adam Mittler appeals the trial court's order revoking his probation and ordering him to serve his sentence in the Department of Correction. On appeal, he contends that the trial court erred in failing to credit the time that he spent on home detention as a condition of his probation against his sentence. The State agrees. Indiana Code § 35-38-2.5-5 provides that (d) [a] person's term of confinement on home detention under this chapter is computed on the basis of the actual days the person spends on home detention," and "(e) [a] person confined on home detention as a condition of probation earns credit for time served."

The trial court erred in failing to credit Mittler's time on home detention against his sentence. We vacate that portion of the trial court's order determining credit time and remand with instructions to calculate the time Mittler served in home detention and to credit such time against his sentence.

Vacated and remanded.

BAKER, J., and BROWN, J., concur.